[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-15652
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 1, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-01763-CV-WBH-1

BRIDGET C. CRAWFORD,

                                        Plaintiff-Appellant,

        versus

STEPHEN L. JOHNSON,
Administrator, Environmental Protection
Agency, Atlanta, Georgia

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(June 1, 2005)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

On appellee's motion, the district court granted appellee summary judgment on appellant's claim of discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. Appellant, an Environmental Protection Agency (EPA) employee, claimed that the EPA discriminated against her by failing to promote her and ultimately awarding a higher paying position to a younger employee. The district court rejected her claim on two grounds: (1) she had not suffered an adverse employment action and thus could not make out a prima facie claim of age discrimination under the ADEA, and (2) if she established a prima facie case, she failed to show that the EPA's non-discriminatory reasons for its action were pretextual.

To establish a prima facie case of age discrimination based on circumstantial evidence (which is what appellant had to do here), the evidence must show that (1) the plaintiff is a member of the protected group, (2) adverse employment action was taken against her, e.g., failure to hire or promote; (3) she was replaced by a person outside the protected group; and (4) she was qualified for the position for which he was rejected. Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000).

Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to provide a "legitimate, nondiscriminatory reason

for its actions." Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998). Importantly, this burden is one of production, not persuasion, Perryman v. Johnson Prods. Co., 698 F.2d 1138, 1142 (11th Cir. 1983), and the proffered justification need only be one that "might motivate a reasonable employer." Chapman, 229 F.3d at 1031.

If the employer satisfies its burden of production, the burden shifts back to the plaintiff who must establish that the employer's reason was a "pretext to mask unlawful discrimination." Turlington, 135 F.3d at 1432. In this final step, the plaintiff carries the "ultimate burden of establishing by a preponderance of the evidence that a discriminatory intent motivated the employer's action." Perryman, 698 F.2d at 1142.

The EPA was entitled to summary judgment because (1) prior to 1997 appellant could not have been promoted to a position that did not exist, and (2) after 1997 she was promoted as soon as a higher-paying position was created and became available. Therefore, she was unable to establish that she suffered an adverse employment action, and hence, could not establish a prima facie case of discrimination. Moreover, if, like the district court, we assume that appellant made out a prima facie case of discrimination, summary judgment was still

appropriate because she failed to show that the EPA's articulated reasons for not promoting her amounted to a pretext of unlawful age discrimination.

AFFIRMED.